JENNER & BLOCK LLP
DAVID R. SINGER (SBN 204699)
DSinger@jenner.com
633 W. 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

JENNER & BLOCK LLP
CRAIG C. MARTIN (*pro hac vice*)
CMartin@jenner.com
DANIEL J. WEISS (*pro hac vice*)
DWeiss@jenner.com
AMANDA S. AMERT (*pro hac vice*)
AAmert@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  +1 312 222 9350
Facsimile:    +1 312 527 0484

Attorneys for Defendants Northern Trust Corporation
and The Northern Trust Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lindie L. Banks and Erica LeBlanc, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Northern Trust Corporation and Northern Trust Company,**<br><br>**Defendants.** | Case No. 16-cv-09141<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ONE MOTION FOR SUMMARY JUDGMENT DIRECTED TO NAMED PLAINTIFFS AND ONE DIRECTED TO THE CLASS IF A CLASS IS CERTIFIED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:          Hon. John F. Walter<br>Hearing Date: November 4, 2019<br>Time:            1:30 p.m.<br>Courtroom:     7A |

**NOTICE OF MOTION AND
MOTION FOR LEAVE TO FILE ONE MOTION
FOR SUMMARY JUDGMENT DIRECTED TO NAMED PLAINTIFFS
AND ONE DIRECTED TO THE CLASS IF A CLASS IS CERTIFIED**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 4, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable John F. Walter, United States District Judge, Central District of California, located in Courtroom 7A at 351 West 1st Street, Los Angeles, CA 90012, Defendants Northern Trust Corporation and The Northern Trust Company will move, and hereby do move, the Court for leave to file one motion for summary judgment directed to named Plaintiffs' individual claims and one directed to the class if the class is certified. Defendants make this motion on the grounds that granting leave would expedite the resolution of issues in the action because the early motion on Plaintiffs' individual claims would likely dispose of or at least significantly narrow the issues in this case.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support of Defendants' Motion for Leave, and arguments that will be presented to the Court at the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 and Standing Order ¶ 5(b), which took place from September 23 through 27, 2019, and is reflected in the Standing Order ¶ 5(b) Joint Statement of Local Rule 7-3 Meet and Confer Regarding Defendants' Motion for Leave to File One Motion for Summary Judgment Directed to Named Plaintiffs and One Directed to the Class if a Class is Certified, which was filed on September 30, 2019 (ECF No. 91).

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE ONE MOTION FOR SUMMARY JUDGMENT DIRECTED TO NAMED PLAINTIFFS AND ONE DIRECTED TO THE CLASS <u>IF A CLASS IS CERTIFIED</u>

This Court's Amended Scheduling and Case Management Order ("Case Management Order") provides that no party may file more than one Rule 56 motion for summary judgment without leave of court, which will be granted if the Court "believes that more than one summary judgment motion is necessary to expedite the resolution of issues in the action." (Dkt. 86, §4.) Pursuant to Federal Rule of Civil Procedure 16 and in accordance with this Court's Case Management Order, Defendants Northern Trust Corporation and The Northern Trust Company (together, "Northern Trust") respectfully move this Court for entry of an order (1) granting Northern Trust leave to file, concurrently with their opposition to Plaintiffs' anticipated motion for class certification, a Rule 56 motion for summary judgment directed to Plaintiffs' individual claims, and (2) granting Northern Trust leave to file a second Rule 56 motion for summary judgment addressing any purported class-wide issues in the event that a class is certified in this case. As explained further below, good cause exists to modify this Court's Case Management Order because Northern Trust's contemplated Rule 56 motion directed to Plaintiffs' individual claims would promote judicial economy by disposing of, or at least significantly narrowing, the claims in the case.

## I.    Background.

Plaintiff Lindie Banks is a beneficiary of two trusts for which Northern serves as trustee: (1) the irrevocable Katherine Lindstrom Trust (the "KL Trust"), which was created in September 1961 (Dkt. 61-1, ¶¶ 8, 14), and (2) the Ralph G. and Katherine Lindstrom Trust (the "RGKL Trust"), which was created in January 1964 and became an irrevocable trust in 1975 (*id*. ¶¶ 9, 14) (collectively, the

"Lindstrom Trusts").  Plaintiff Erica LeBlanc, who is Plaintiff Banks' daughter, is a remainder beneficiary of the Lindstrom Trusts.  (*Id.* ¶ 14.)

Plaintiffs bring seven causes of action against Northern Trust, both individually and on behalf of three separate alleged classes.  (FAC ¶¶ 346-48, 357-426.)  All of Plaintiffs' claims are based on two theories.  The first is that Northern Trust breached its fiduciary duties by investing trust assets in investment products related to Northern Trust, including "proprietary mutual funds."  (*Id.* ¶¶ 357-68.)  The second is that Northern Trust breached its fiduciary duties by charging fees to the Lindstrom Trusts and other putative class trusts for tax return preparation work performed by Northern Trust personnel, which, Plaintiffs claim, exceeded the amount Northern Trust was permitted to charge the Lindstrom Trusts under an unusual fee provision in the trust instruments that authorizes an annual administrative fee of 60 basis points (i.e., 0.60% of assets under management), in addition to "reasonable compensation" for "extraordinary" services.  (*Id.* ¶¶ 348, 383-95; Dkt. 61-1, ¶¶ 11-13, Ex. 1-3.)

## II.    Argument.

Northern Trust respectfully submits that leave to file a first summary judgment motion directed to the individual Plaintiffs and then, if necessary, a second summary judgment motion directed to any class that may be certified, is appropriate in the context of this case.  Allowing a class action defendant to "file one Rule 56 motion in connection with plaintiffs' individual claims and one additional motion in the event that class certification is granted, promotes the underlying goals of efficiency and economical use of judicial resources underlying class action litigation." *Lossia v. Flagstar Bancorp, Inc.*, Case No. 15-12540, 2016 WL 4169145, *1 (E.D. Mich. Aug. 5, 2015).  That is because, among other reasons, "it is preferable to deal with [named plaintiffs' individual] concerns before

certifying a class." *Johannes v. Washington*, No. 14-cv-11691, 2015 WL 5634446, *9 (E.D. Mich. Sept. 25, 2015).* "Otherwise the Court risks certifying a class only to later find that the claims of [the] class representatives must be dismissed, and, therefore, their claims are atypical and they are inadequate class representatives." *Id.*

Northern Trust has strong summary judgment arguments directed to Plaintiffs' individual claims, which Northern Trust contends will likely dispose of or at least significantly narrow this case. Northern Trust expects to develop the following arguments directed to Plaintiffs' individual claims, among others.

*First*, Northern Trust will show that the investments that Northern Trust made for the Lindstrom Trusts (which are different than the investments it made for other trusts) were largely lower-cost index funds, which were appropriate for the Lindstrom Trusts' investment goals and performed well. Plaintiffs will be unable to adduce evidence supporting their breach of fiduciary duty claims related to those investments.

*Second*, Northern Trust will demonstrate that, under the plain terms of the Lindstrom Trust instruments (which are different than the terms of many alleged class trusts), all of Northern Trust's fees were authorized and appropriate. Even if Plaintiffs could establish any excess fee, the Lindstrom Trust instruments permit "reasonable compensation" to the trustee for "extraordinary" services, which includes tax return preparation.

*Third*, Northern Trust will demonstrate that, on the undisputed facts of their interactions with Northern Trust, Plaintiffs have had actual knowledge of Northern Trust's investment decisions and fees for more than a decade before bringing this lawsuit in December 2016. Therefore, at a maximum and as a matter of law, Plaintiffs' claims are limited to the statute of limitations period of three or four

years (*i.e.*, claims arising no later than 2012), rather than the 13.5 year period dating back to 2006 alleged in their complaint.[1]  Northern Trust also will show that, based on the same undisputed facts, Plaintiffs' claims are subject to a number of equitable defenses, including laches, waiver, and estoppel, among others.

In light of those arguments, allowing Northern Trust to file a pre-class certification summary judgment motion will promote judicial economy, because it likely will dispose of or at least narrow Plaintiffs' individual claims, and thereby obviate or narrow the issues on class certification.  Moreover, if Plaintiffs' individual claims are subject to judgment in whole or in part based on the individualized facts of their trust instruments, their actual knowledge, and the history of their personal communications with Northern Trust, those determinations will weigh heavily on Plaintiffs' ability to represent an alleged class.  Fed. R. Civ. P. 23(a)(3).

However, without leave to file a subsequent summary judgment motion directed to a class (if a class is certified), Northern Trust will risk losing the opportunity to raise class-based summary judgment arguments if it raises summary judgment arguments directed to Plaintiffs' individual claims at this stage.

---

[1] *See* Cal. Prob. Code § 16460 (West 2019) (three-year statute of limitations for any breach of trust claim where beneficiary has received an interim or final account in writing); *SOS Co., Inc. v. E-Collar Techs., Inc.*, No. CV1609667ABAFMX, 2018 WL 6164265, at *2 (C.D. Cal. July 17, 2018) (breach of fiduciary duty claims where no fraud alleged subject to a four-year statute of limitations); *Signorelli v. N. Coast Brewing Co. Inc.*, No. 5:18-CV-02914-EJD, 2018 WL 5310807, at *6 (N.D. Cal. Oct. 25, 2018) (unjust enrichment claims subject to a three-year statute of limitations); *Kranich v. Girardi*, 720 F. App'x 870, 871 (9th Cir. 2018) ("action for accounting is tied to the nature of the case"); Cal. Bus. & Prof. Code § 17208 (Unfair Competition Law subject to a four-year statute of limitations); Cal. Welf. & Inst. Code § 15657.7 (Elder Abuse claims subject to a four-year statute of limitations).

Northern Trust respectfully submits that it should not be put to that risk because the early disposition of Plaintiffs' individual claims would promote judicial efficiency and serve all parties by removing unsupportable claims from the case. Conversely, if Northern Trust is forced to preserve its rights by waiting to move on Plaintiffs' individual claims until after class certification is decided, the Court may expend resources issuing a class certification ruling that would be rendered moot if it is later determined that the named plaintiffs' claims lack merit.  *See Talley v. NCO Fin. Sys., Inc.*, No. 2:06 CV 48 PPS PRC, 2006 WL 2927596, at *2 (N.D. Ind. Oct. 12, 2006).

**III.    Conclusion.**

For the foregoing reasons, Northern Trust respectfully requests that the Court enter an order granting Northern Trust leave to (1) first file, concurrently with their opposition to Plaintiffs' anticipated motion for class certification, a Rule 56 motion for summary judgment directed to Plaintiffs' individual claims, and, if necessary, (2) file a second Rule 56 motion for summary judgment directed to any class that is certified.  In the alternative, Defendants request that the Court enter an order granting Defendants leave to submit their proposed Rule 56 motion directed to Plaintiffs' individual claims concurrently with their opposition to Plaintiffs' motion for class certification, without prejudice to withdrawing the motion if the Court determines that it is premature and filing a consolidated Rule 56 motion after class certification is decided.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE
CASE NO. 16-CV-09141

Dated:   October 7, 2019

By: /s/ David R. Singer
DAVID R. SINGER (SBN 204699)
DSinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199

Attorney for Northern Trust
Corporation and The Northern Trust
Company