**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 16-9141-JFW (JCx)** Date: October 31, 2019

Title: Lindie L. Banks, et al. *-v-* Northern Trust Corporation

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE ONE MOTION FOR SUMMARY JUDGMENT DIRECTED TO NAMED PLAINTIFFS AND ONE DIRECTED TO THE CLASS IF A CLASS IS CERTIFIED [filed 10/7/19; Docket No. 92]**

On October 7, 2019, Defendants Northern Trust Corporation and The Northern Trust Company (collectively, "Defendants") filed a Motion for Leave to File One Motion for Summary Judgment Directed to Named Plaintiffs and One Directed to the Class if a Class is Certified ("Motion") . On October 14, 2019, Plaintiffs Lindie L. Banks and Erica Le Blanc (collectively, "Plaintiffs") filed their Opposition. On October 21, 2019, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 4, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

On August 12, 2019, the Court entered its Amended Scheduling and Case Management Order ("Amended CMO")[1], which specifically states that:

> The Court will entertain ONE summary judgment motion by a party. In the event a party believes that more than one summary judgment motion is necessary to expedite the resolution of issues in the action, the party must obtain leave of court to file more than one summary judgment motion.

Amended CMO, 8:20-24 (Docket No. 86).

---

[1] The Court entered its original CMO on May 24, 2017. Docket No. 43.

In their Motion, Defendants seek leave to file two motions for summary judgment: (1) one motion for summary judgment addressing the named Plaintiffs' individual claims to be filed concurrently with the filing of Defendants' opposition to Plaintiffs' anticipated motion for class certification; and (2) one motion for summary judgment addressing any purported class-wide issues in the event the Court certifies a class. Defendants argue that allowing them to file an early motion for summary judgment addressing the named Plaintiff's individual claims would promote judicial economy by disposing of, or at least significantly narrowing, the claims in this case. Plaintiffs argue that Defendants have failed to demonstrate good cause for filing two motions for summary judgment and that the issues Defendants intend to raise in their initial motion for summary judgment can easily be raised in their opposition to Plaintiffs' motion for class certification or in a summary judgment motion after the motion for class certification is decided.

Defendants' request to modify the CMO is governed by Federal Rule of Civil Procedure 16(b), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment"). As the Ninth Circuit explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations and quotations omitted); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."). "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted). Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Id.* at 608. Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

In this case, Defendants have failed to demonstrate good cause for modifying the Amended CMO. The Court concludes that Defendants were not diligent in assisting the Court in creating a workable Rule 16 scheduling order. In the Joint Scheduling Conference Report ("Joint Report"), filed May 22, 2017 (Docket No. 36), Defendants failed to raise the possibility of filing two motions

for summary judgment.[2] In addition, although Defendants were aware that this Court would issue an Amended CMO in this action after it was remanded on July 5, 2019, they failed to raise this issue until they filed this Motion on October 7, 2019, over three months after this case was remanded and after the Amended CMO was issued. Moreover, the Court concludes that Defendants have not been diligent in seeking to amend the Amended CMO, waiting nearly two months after the Amended CMO was issued to file their Motion and failing to offer any explanation for this delay. Finally, Defendants have filed this Motion and noticed the hearing date for November 4, 2019, which is Plaintiff's deadline to file their motion for class certification. Thus, if Defendant's Motion was granted, Plaintiffs would be required to simultaneous draft a reply to their motion for class certification and an opposition to Defendants' motion for summary judgment.

Accordingly, Defendants' Motion is **DENIED.**

IT IS SO ORDERED.

---

[2] The only reference to motions for summary judgment in the Joint Report was the statement that "[t]he parties each anticipate filing motions for summary judgment." Joint Report, 5:13.