THE BRANDI LAW FIRM
Thomas J. Brandi (CA Bar No. 53208)
tjb@brandilaw.com
Brian J. Malloy (CA Bar No. 234882)
bjm@brandilaw.com
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile:  (415) 989-1801

DEREK G. HOWARD LAW FIRM, INC.
Derek G. Howard (CA Bar No. 118082)
derek@derekhowardlaw.com
42 Miller Avenue, Mill Valley, CA  94941
Telephone:  (415) 432-7192
Facsimile:  (415) 524-2419

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDIE L. BANKS and ERICA LEBLANC individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHERN TRUST CORPORATION and NORTHERN TRUST COMPANY,<br><br>Defendants. | Case No.: 2:16-cv-09141 JFW (JCx)<br><br>**DECLARATION OF CLIFF KUPPERBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>[Fed.R.Civ.P. 23; C.D.L.R. 7, 23]<br><br>Date: December 9, 2019<br>Time: 1:30 p.m.<br>The Hon. John F. Walter<br><br>Pretrial Conference: April 10, 2020<br>Trial Date: April 28, 2020 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**DECLARATION OF CLIFFORD KUPPERBERG IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, Clifford Kupperberg, declare as follows:

**1.**    I make this Declaration of my own personal knowledge, and if called as a witness, I would and could testify competently to the matters stated herein.

**2.**    I have been retained by Plaintiffs' counsel in this matter to calculate economic damages related to the tax preparation fees assessed by Defendants.

**Qualifications**

3.    I am a CPA, an Accredited Financial Planning Specialist, and a Certified Valuation Analyst. I have testified in various Federal, State and other Governmental Courts as well in Arbitration proceedings in several venues for over 45 years. I have testified in Class Actions, Anti-Trust, Commercial and other business disputes as well as business valuation, fraud, trust and investment claims and many other types of civil and criminal litigation. A copy of my CV is attached as Exhibit A.

**Documents Reviewed**

**4.**    I reviewed the following documents to assist in making this Declaration:

*Facts and Claims:*

Class Action Complaint Dated December 9, 2016

First Amended Class Action Complaint, dated June 2, 2017

Ninth Circuit decision in this case, July 2019

Packet of Form Fee Letters

Fee Increase Booklet, effective January, 2012

Wealth Management Trust Practices & Guidelines -- Northern Trust November 2016

Wealth Management National Trust Practices & Guidelines – Northern Trust December 2014 TNTC Fiduciary Committee

Wealth Management Northern Trust U.S. Administrative Procedures & Guidelines-NTAC:2E-18

Defendants Joint Responses to Plaintiff's First and Second Set of Interrogatories and Supplement to same

Defendants' Joint Response to Plaintiff's Request for Production of Documents Set One and Set Two

Defendants' Responses to First Request for Admissions


Wealth Management-Centrally Managed Solutions Committee-Northern Trust 1Q 2016

Account Profiles and related documents for the Lindstrom Trust One and the Katherine Lindstrom Trust

Account Statements for the Lindstrom Trusts, Years 2008 to present

Petition to the Superior Court of California seeking Approval of Fees to be Charged

Stipulation and Settlement Agreement-Lindie Banks v Northern Trust December 2004

Notice of Settlement of Class Action-Superior Court LA, Central Civil West Division December 22, 2004

News article on settlement dated March 29, 2005

Rough Transcript of Deposition of Stacy E. Singer June 2, 2017

Rough and Final Transcript of Deposition of Matthew Tushman October 23, 2019


*Damage Calculations:*

Fee Schedules for Northern Trust Company for the Years 1993 to 2017

Responses to Interrogatories and Document Requests by Northern Trust Company 10/21/2019:  Summary of Number of and Charges to Trusts by year for Tax Preparation

Northern Trust data TNTC-000038840-82 Rebate payments to Lindstrom Trusts

Northern Trust Corporation Annual Reports (10-k) for Return on Equity Calculations
Fiscal Year 2008-18


**Calculation of Damages**


**1. Claims For Excess Charges For Tax Preparation**

5.  I have prepared an estimate of damages based upon the actual data available from

Plaintiffs' counsel and the Defendants through the discovery process.  The information provided

has identified specific fee charges for the preparation and filing of annual tax returns prepared

for the Lindstrom Trusts.  As Northern Trust's own Petitions explain, the Lindstrom Trust has

contained a provision since inception that mandates that the trustee's fee charged is capped at 3/5

of 1% of asset value with no additional compensation unless the trustee undertakes an

"extraordinary" activity.  The trustee Northern Trust has admitted in its Petition that the taking of

the fee was above that above the amount allowed under the trust terms.

6.  Subsequently, prior to the filing of this case, Northern Trust settled a class action which

provided for payment of money, on a class basis for taking of fees, including tax preparation

fees, which was in excess of the 3/5 of 1%. This earlier settlement which provided class wide

relief to overcharged trusts, including the Plan of Allocation and the Stipulation of Settlement all

of which the Court finally approved after comprehensive review.  The settlement in that earlier

case provides a roadmap on how to identify class members and to provide a remedy. I have

considered the prior settlement as one factor in preparing this opinion with regard to the fixed fee

trusts.

7.   The calculation of damages for Trusts that are on fee schedule with no cap and allows for reasonable fees would be taking the entire amount charged for tax preparation as the recovery amount and adding the measure of interest or earnings allowed by the Court.  Should the Court determine that the entire fee charged during the period of its action is recoverable, the calculation of the resultant damages is easily shown from the records of Northern Trust.  The total charged to each Trust during the applicable period will be the recovery and interest or disgorgement is solely a mathematical process.  The method of a damages calculation would be to take the recovery reduced to an after-tax amount and calculate the return on invested capital of Northern Trust compounded for the relevant periods for each Trust. The amount resulting from the above calculation would be added to the actual recovery of direct damage.

8.   I have read the above described documents about the prior $21.1 million settlement between Ms. Banks and Northern Trust resulting in a settlement for repayment of fees taken, including tax preparation fees that were taken from the Lindstrom Trusts and 1400 beneficiaries.

9.   I understand the Lindstrom Trust which is a "fixed fee" trust, and that the terms of the governing trust instrument, limit the fees that the trustee takes not exceed 3/5 of 1 percent or 60 basis points.

10. I provide this report to explain that the Lindstrom trusts at issue in this case are representative of the class of fixed fee trusts that like the Lindstrom trusts, have been overcharged as a result of additional fees for the preparation of fiduciary income tax returns.

11. For the rates charged to personal trusts that were not under a fixed fee arrangement, I used the fee schedules that set forth the annual compensation that have been provided by Northern Trust during discovery in this case.  (Bates Nos. TNTC 000010261-10364)

4

12. Based on documents produced in this case indicating that there are thousands of accounts under Northern Trust management (TNTC-000016805), as well as the June 2, 2017 testimony of Northern Trust pursuant to Federal Rule of Civil Procedure 30(b)(6) (Deponent Stacy Singer as the designee). I am assuming that there are thousands of trusts where Northern Trust charged for preparation of fiduciary tax returns that may be properly included in the Class. I have also read the deposition of Matthew Tushman the current Director of the Tax Department.

13. As of this date, I am relying upon the deposition testimony of Stacy Singer, and Mr. Tushman, and the centralized investment data that was provided to me identifying a specific number of trusts (as requested by Counsel) as the number of trusts that have been charged for tax preparation. (See Bates No. NTAC-3NS-20, "Centrally Managed Solutions 1Q 2015- NSP.") I have also reviewed recently produced data from Northern Trust showing the number of trusts by dollar charge for tax preparation.

14. For purposes of this opinion, after reading the deposition testimony of Northern Trust's corporate designee Ms. Singer, that these "solutions" which report on the number of managed trusts in Northern Strategic Solutions by region, and comparing that to the data provided by Northern Trust in the most recent production, I have determined that the data provided is consistent and can be objectively utilized for the actual number of Class Trusts and fees charged.

15. In 2017 and again in 2019 I reviewed the packet of form letters that Northern Trust produced to Plaintiffs' counsel (Exhibit 7 and 8 to the Rule 30(b)(6) Deposition of Ms. Singer) and also read the deposition of the Director of the Tax Department in order to determine the timing, manner and amounts Northern Trust charges for the same types of returns. I also have reviewed the evidence provided to me about the total volume of actual returns prepared. Based

on the information obtained from the most recent production by Northern Trust I have calculated the total charges attributable to the Class.

**Claims For Excess Charges For Tax Preparation 2008-2018**

16.     I calculated the amounts that would **not** have been paid each year by the Trusts if they had **not** been charged the amounts for tax preparation utilizing the fees and number of Trusts taken from the most recent production by Northern Trust showing the actual number of Trusts charged summarized by amount charged (Exhibit B).

17.     I am familiar with industry practice on the manner in which trustees prepare fiduciary returns, including on a bulk basis where a single corporate fiduciary prepares thousands of returns for each tax year.  Like some but not all corporate fiduciaries, Northern Trust now has a separate line item charge for all of the trusts for which it prepared tax returns on an in-house basis.  This is reflected on the fee schedules.

18.     In order to confirm my belief, I reviewed the account statements here as well as the fee schedules that were provided to Plaintiffs' counsel in discovery. The data I have been provided with to date indicates there was a common but not universal increase off of the fee schedule. Chart 1 provides a mathematical analysis of the impact of the tax preparation fee charges as to the Lindstrom Trust:

**Chart 1: Trust Fees as to the Lindstrom Trust**

| Year | Annual Base Fee % incl. Admin and Investment | Additional Tax Charge to LindstromTr ust | Fair Market Value of Trust | Tax Charge as Percentage Of FMV | Total Fees As a Percentage of FMV | Total Excess Fee Percentage Over 0.6% Allowed |
|------|------|------|------|------|------|------|
| 2008 | $ 3710 | $400 | $650,000 | 0.06% | 0.62% | 3.7% |

| 2009 | $ 3509 | $400 | 606,000 | 0.07% | 0.65% | 7.6% |
|------|--------|------|---------|-------|-------|------|
| 2010 | $ 3915 | $400 | 672,000 | 0.06% | 0.64% | 6.9% |
| 2011 | $ 4613 | $400 | 685,000 | 0.06% | 0.67% | 12.2% |
|      |        |      |         |       |       |      |
|      |        |      |         |       |       |      |
|      |        |      |         |       |       |      |

19.     I am aware that certain senior officers of Northern Trust have the discretion to authorize exceptions to the charge for tax preparation on a Trust by Trust basis.  As of this date, I have no information with respect to if or how many times that may have occurred, except for the recent data showing the number of Trusts not charged for tax preparation.

20.     Based on my review of the fee schedules and the recently provided data, Northern Trust's minimum price for tax preparation increased over time. Exhibit B

21.     Plaintiffs' counsel has asked me to analyze the impact of the additional line item charge including the percentage of that fee vis a vis the annual fee. In other words, did Northern Trust perform the new work, and simply charge the same fee just broken out differently. I accomplished this by looking at the amount charged for tax work as a percent of the fair market value of the Trust, adding that percent to the annual fee percent actually charged and dividing the result by annual fee percent charge allowed Northern Trust (See Chart 1 below).  As the amounts show, there was a significant increase in the annual percentage charge to the Trust due to the tax preparation related charge compared to the % annual fee for advisory services.

22.     I understand that one of the claims of Plaintiffs is that the fees that were charged were both unnecessary, and even if technically "legal," they were still unreasonable.  The chart explains that by breaking out the line item tax preparation charge, this did not result in a reduction to the amounts paid by a trust on the reasonable fee schedule, but rather increased Northern Trust's over all fee.  In other words, by breaking out the fee on a line item, this did not result in any savings for the Trust. In the periods after 2011, no administrative or investment fees were charged directly to the trust.  However, no

7

rebates were given for fees received by NT from the various investments the trust was directed to by NT. The most recent data showing the rebates from NT during the period 11/2002 through 1/2012 indicate that rebates were approximately 0.5% of the value of the trust. I received this data on 11/1. I will attempt to quantify the rebates including the tax preparation fee as a percent of the trust value. It is my initial impression that this will also exceed the 0.6% allowed total charges. In December of 2008, NT paid the trusts back for unreimbursed advisors fees paid by third parties from 2006-2008. The amount for each period would be helpful in my determination of the actual percentage charges, but was not provided by NT. I have estimated the rebates using the average of the 2008 additional refund for 2006-8. I have read the recent testimony of Mr. Matthew Tushman, head of tax services for NT that indicates there are no records kept on actual costs associated with the preparation of the trust tax returns. Should the Court allow offset for actual costs I would need additional data from NT to allocate an appropriate amount to adjust the class claims. It is clear from the data provided by NT that the vast majority of the trusts were charged the amount found on the fee schedules referred to above (e.g. $650 until 2014, $900 until 2016 and $1,000 for the Non-Grantor Trusts). In addition to the actual excess charges Northern Trust collected, I calculated interest at the statutory rate of 10% for one alternative measure. As a second alternative I calculated the return on equity actually attained by Northern Trust for the relevant period.

### Claims For Excess Charges For Tax Preparation 2008-2018

23.     According to my calculations, the estimated damages incurred by the class in the aggregate for the periods from 2008 through 2018 were between $195 million (Exhibit B 2.1 and 2.2) and $197 million including interest, or return on equity for Northern Trust. It is my opinion that these simple calculations capture the damage suffered by the Class and can easily be adjusted to reflect any changes in Class definition required by the Court.

24.    I understand there may be certain Trusts for which the tax preparation fees have been removed by Senior management of Northern Trust as well as circumstances in which the fees for tax preparation may have been repaid to the Trusts.  I will amend my opinions to include the result of my analysis of any additional information which would allow me to quantify these actions and remove them from the final calculations.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed at San Francisco, California, this 3rd day of November 2019.

_____

Clifford Kupperberg

# CLIFFORD KUPPERBERG
## Exhibit A

**PRESENT POSITION:**        **KUPPERBERG & ASSOCIATES**, San Francisco, CA
Certified Public Accountants
Formed July 1, 1985.

**September 1969 -**        **JOHN R. MCKEAN ACCOUNTANTS**, San Francisco, CA
**June 1985:**        A Professional Corporation.
Shareholder and Director of Business Development and Litigation
Support.

**UNIVERSITIES**
**AND DEGREES:**        City College of San Francisco

University of California at Berkeley 1960-1961

University of San Francisco 1963-1965
Accounting
San Francisco State University 1965-1966
B. S., Finance Major, January 1967

**CERTIFICATION:**        Certified Public Accountant
State of California, 1970 to present

Accredited Financial Planning Specialist
American Institute of Certified Public Accountants, April 1989

Certified Valuation Analyst
National Association of Certified Valuation Analysts

**EXPERIENCE:**        Private Accounting 1961 to 1966
Corn Products Corporation

Public Accounting 1967 to present

**EXPERTISE:**        Analysis of financial information and systems;
Transportation accounting;
Manufacturing and plant accounting;
Analysis of real estate and financial matters;
Financial and tax planning;
Valuation of business entities

# LITIGATION

<u>Rice Growers v. Whseman's Ass'n.</u>, (1971 and 1972)
    State of California, Public Utilities Commission.
    Rate protest. Regulatory matters and cost analysis.

<u>Jenkins v. Grayline</u>, (1972)
    U.S. District Court for Northern District of California (Judge Schnacke).
    Federal antitrust actions. Damages sustained by plaintiff.

<u>BBD v. Pacific Southcoast Freight Bureau</u>, (1972) PUC Case No. 9424
    Rate protest.

<u>Bolla Freight Lines</u>, Petitioner, (1974)
    State of California, Public Utilities Commission.
    Application for Extension of Rights.

<u>BBD v. U.S. Steel</u>, (1975)
    Deposition only. Antitrust action. Damages sustained by plaintiffs.

<u>CTA v. Teamsters Local No. 70</u>, (1975) Action No. C-70-883-AJZ
    U.S. District Court, Northern District of California (Judge Zirpolli).
    Illegal work stoppage action. Damages for plaintiffs.

<u>Inglis v. ITT-Continental</u>, (1978) Action No. C-71-1906
    U.S. District Court, Northern District of California (Judge Williams).
    Federal antitrust action. Costs (for liability) and damages sustained by plaintiff.

<u>Byrne Trucking Co.</u>, (1978)
    Arbitration hearing. Oregon.
    Testimony regarding GCV of trucking business.

<u>Spreckels v. Sugar Workers</u>, (1979)
    U.S. District Court.
    Deposition only. Illegal work stoppage. Damages for plaintiff.

<u>SPNB</u>, (1979)
    Magistrate Hearing. San Francisco.
    Tax effects of certain mineral tax shelter investments for defendant.

<u>Upland v. Kaiser</u>, (1979)
    U.S. District Court, San Francisco.
    Federal antitrust action. Damages and liability issues for plaintiff.

<u>Reid Brothers Logging Co. v. Ketchikan Pulp Co.</u>, (1980)
    U.S. District Court, Seattle, Washington.
    Federal antitrust action. Liability issues and damages for defendant.

**LITIGATION** - continued


<u>Rolm v. Courlang</u>, (1982)
   Labor case.
   Deposition only. Damages for defendant.

<u>BBD v. Southern Pacific</u>, (1982)
   U.S. District Court, San Francisco.
   Federal antitrust action. Deposition only. Damages for plaintiff.

<u>Shaw v. Oximetrix</u>, (1983)
   State Court, Redwood City.
   Contract damages for plaintiff.

<u>Safeco v. Founders Title</u>, (1984)
   Deposition only. Interference in business relationships with employees. Damages for plaintiff.

<u>Scott v. Crocker Bank</u>, (1984)
   Superior Court, Contra Costa County.
   Bank fraud case. Liability issues, solvency, real estate matters, asset valuation and damages for defendant.

<u>Kimber v. Ruff</u>, (1985)
   Superior Court, Contra Costa County.
   Fraud case. Deposition only. Damage calculations and results stipulated to by both sides at trial.

<u>Charley's Tours and Transp. v. Interisland Resorts, Ltd.</u>, (1985 and 1986)
   U.S. District Court, Honolulu, Hawaii.
   Federal antitrust action. Damages for plaintiff.

<u>Zolman Enterprises, Inc. v. C/B Farms</u>, (1986)
   Superior Court, Glenn County.
   Partnership dissolution accounting, real estate matters and valuation.

<u>MTP v. Monadnock</u>, (1986)
   Deposition only. Damages for defendant.

<u>TMI v. AMSTAR</u>, (1986)
   U.S. District Court, San Francisco  (Judge Orrick).
   Damages and cost issues for defendant.

<u>Sunrise Transportation v. Spreckels Sugar</u>, (1987)
   U.S. District Court, Sacramento.
   Damages and financial issues for defendant.

**LITIGATION** - continued

United States v. Wong, (1987)
      U.S. District Court, Honolulu, Hawaii.
      Fraud Case. Accounting issues for defendant.

Ceballos v. Barton, (1988)
      Deposition only. Damages for plaintiff.

Thomsen v. Xidex, (1988)
      Deposition only. Damage issues for defendant.

Technical Equities Coordinated Litigation, (1988)
      Audit and accounting issues related to reporting requirements.

Japax v. Bridgeport, (1988)
      Arbitration hearing.
      Damages and liability issues for defendant.

2190 Sutter Group, (1988)
      Arbitration hearing.
      Partnership real estate and contract matters.

United States v. Scotto, (1988)
      U.S. District Court, San Francisco.
      Winery accounting and audit issues for defendant.

Weller v. ABC, (1989)
      Superior Court Marin County
      Damage issues for defendant.

Royal Service v. Goody, (1986 and 1989)
      Federal antitrust action.
      Deposition only. Damages for plaintiff.

McCormick-Morgan v. Hobart, (1989)
      U.S. District Court, San Francisco.
      Contract damages and accounting issues for plaintiff.

Sugihara v. Kikkoman, (1989)
      Deposition only. Accounting and tax issues related to liability and damages for defendant.

Pergren v. Fluor, (1990)
      Arbitration hearing.
      Construction accounting issues in spin-off valuation for plaintiff.

SFIB v. Apersy Construction, (1990)
      Deposition only. Construction claim for plaintiff.

**LITIGATION** - continued

Qualls v. RMI, (1990)
     Deposition only. Accounting and valuation issues for defendants.

FPI/Agretech Securities Litigation, (1990)
     U.S. District Court, Honolulu, Hawaii.
     Audit and accounting issues for plaintiff.

820 O'Farrell St. Litigation, (1991)
     Deposition only. Lost earning claims for plaintiffs.

Triton Container Partners, (1991)
     Deposition only. Valuation issues for plaintiffs.

Kraszewski v. State Farm, (1991)
     Deposition only. Financial valuation and tax issues for defendant.

Anheuser-Busch, Inc. v. Natural Beverage Distributors, (1992) Case No. C-89-0891-JPV
     U.S. District Court, Northern District of California (Judge John P. Vukasin, Jr.).
     Damages and financial analysis for plaintiffs.

Seigel v. American Savings, (1992)
     Deposition only. Class action. Damages and financial analysis for plaintiff class.

People v. DeDomenico, (1992)
     Superior Court Sacramento County.
     Tax fraud case. Residency, tax law and case issues for defendant.

2190 Sutter Street Partnership, (1992)
     Arbitration hearing.
     Partnership accounting and fees to general partner.

PLM International, (1992)
     Deposition only. Class action. Damages, valuation and appraisal issues for plaintiff class.

Shaber v. French Hospital, (1992)
     Deposition only. Damages and present value for plaintiff.

McKinney v. Anheuser-Busch, (1993)
     Northern District Court of San Francisco.
     Deposition only. Cost analysis and damages for defendant.

McAlinn v. Compex, (1993)
     Deposition only. Cost analysis and damages for plaintiff.

Nut Tree Partners, (1994)
     Arbitration hearing.
     Profitability analysis, going concern issues and cash flow for defendants.

**LITIGATION** - continued

Gray v. First Winthrop Corp, (1994)
> Class action. Deposition only. Securities fraud and damages for plaintiffs.

Triton Container, (1994)
> Class action. Deposition only. Securities fraud, valuation and accounting issues for plaintiff.

Hicks v. O'Brien, Varni et al, (1994)
> Deposition only. CPA's malpractice issues for defendants.

Manning v. Nido, (1994)
> Deposition only. Analysis of ranch operations and lost profits for plaintiff.

Luminoptics v. UMC, (1994)
> Superior Court Alameda County
> Rebuttal on accounting facts for plaintiff.

Wineberg v. Wineberg, (1995) Case No. 260-778
> Superior Court San Mateo County
> Asset valuation, support, income and expense and related tax and financial analysis for defendant.

DeDomenico v. Franchise Tax Board, (1995)
> Bankruptcy Court, Reno, Nevada.
> Residency, tax law and case issues for plaintiff.

United States v. Dohrmann, (1995) Case No. CR91-0673-FMS
> Northern District Court of San Francisco.
> Accounting and financial issues for defendant.

David Burgess dba Old Bridge Ranch v. United States, (1995)
> U.S. District Court for the district of Nevada.
> Employment tax and related factual issues for plaintiff.

DecisionOne Corporation f/k/a Bell Atlantic Business Systems Services, Inc. v. Storage Technology Corporation, (1995) Case No. C94 20178JW
> U.S. District Court, Northern District of California.
> Deposition only. Anti-trust and intellectual property. Damages for defendant and counter-claimant.

Heartland Communications, Inc., et al v. Sprint Corporation, et al, (1996) Case No. 94 2370 JWL
> U.S. District Court for the District of Kansas.
> Deposition only. Class action. Damages for plaintiff class.

**LITIGATION** - continued

Mehta Burkett & Co., Inc. v. William C. Burkett, (1996) Case No. 955759
       Superior Court San Francisco County
       Contract value and damages for plaintiff.

Alma Gilbert and Alma Gilbert Inc., dba Alma Gilbert Galleries, Inc. v. Pomegranate Publications, Inc., et al, (1996) Case No. 387886
       Superior Court, County of San Mateo
       Deposition only.  Defamation and business damages.

Skiera v. American Federation of State, County & Municipal Employees (AFSCME) et al, (1996) Case No. CIV-S-94-2124
       U.S. District Court, Eastern District of California
       Deposition only.

Nike, Inc. v. Wal-Mart Stores, Inc. (1996)
Case No. 96-38-A
       U.S. District Court, Eastern District of Virginia, Alexandria Division
       Design patent damages for defendants.

Nickel v. Bank of America (1996)
Case No. 94-2716 CAL
       U.S. District Court, Northern District of California
       Deposition only.  Theories of damage for Plaintiff Class.

Monney v. United Signs, Inc. (1996)
Case No. 390840
       Superior Court, County of San Mateo
       Deposition only.  Fire loss for Plaintiff.

All American Semiconductor, Inc. v. Advanced Micro Devises, Inc. (1997)
Mediation
       Breach of contract.  Damages, including accounting issues, for plaintiff.

Estate of Colleen S. Cacciapaglia, San Mateo Superior Court. (1997)
Case No. 101081 -- Arbitration
       Trust accounting and misuse of funds by Trustee

Lilley v. Charren, (1998)
Case No. C-95-3450-SI
       U.S. District Court
       Deposition.  Accounting principles and cost analysis.

James Santa Maria v. Pacific Bell, (1998)
Case No. C97-0148
       U. S. District Court, Northern District of California
       Lost compensation and related benefits.

**LITIGATION** - continued

SDI Operating Partners, L.P., dba Kar Products v.
Midwest Motor Supply Company, Inc., et al. (1998)
Case No. C97-0811
      Superior Court, County of Contra Costa
      Deposition. Liability issues, cost analysis and damages for plaintiff.

Fisher v. Bank of America (1998)
Case No.C96-0203 CAL
      U.S. District Court, Northern District of California
      Deposition. Real estate valuation, tax issues & damages for plaintiff

The Cocal-Cola Company, Coca-Cola, Ltd., Swire Coca-Cola HK Ltd., F/K/A Swire Bottlers, Ltd.
and Coca-Cola Enterprises, Inc. v. Omni Pacific Company, Inc., Dependable Vending, Inc. and
Parallel Products, Inc., also doing business as Venice International and Rocky Mountain
Wholesale (2000)
Cases No. C-98-0784-SI and C-96-2863-SI
      U.S. District Court, Northern District of California
      Deposition. Damage issues for defendants and counterclaimants.

QST Energy, Inc. v. Mervyn's and Target Corporation (2001)
Cases No. C-99-1106, C00-1698 and C00-1699 MJJ
      U.S. District Court, Northern District of California
      Deposition. Damages and financial viability issues for defendants and counterclaimants.

Linear Technology Corporation v. Impala Linear Corporation, et al. (2001)
Case No. C-98-1727-VRW
      U.S. District Court, Northern District of California
      Deposition. Commercial success and related patent infringement issues.

Harwood v. Kane (2001)
Case No. 01-11503
      U.S. Bankruptcy Court, Northern District of California Santa Rosa
      Analysis of financial data and presentation of proforma results.

Red & White Fleet v. Blue & Gold Fleet (2002)
Case No. 321370
      San Francisco Superior Court
      Deposition. Cost analysis and damage for plaintiff.

Blumenfield v. Bauerle et. Al. (2003)
Case No. CV805455
      Santa Clara County Superior Court
      CPA Malpractice

Guyette v. Viacom Inc.(2003)
Case No. 838165-0
      Alameda County Superior Court
      Deposition. Accounting issues, liability issues and damages for Class

**LITIGATION** - continued

City of Oakland, ET AL. v. Oakland Raiders, ET AL. (2003)
Case No. 97AS06708
>    Sacramento County Superior Court
>    Audit issues, due professional care, financial analysis and damages for defendant.

Intergraph v. American Imaging Services, Inc. (2003)
Case No. H-97-1394
>    U.S. District Court – Southern District of Texas
>    Deposition. Reasonable royalty, damages and evaluation of support data for defendant.

Chamberlan v Ford (2005)
Case No. 032628
>    United States District Court – Northern district
>    Deposition, Calculation of cost and damages

Security National Guaranty, Inc v Shores LLC (2005)
Case No. 03-55847-MM
>    United States Bankruptcy Court-Northern District
>    San Jose Division
>    Testimony on calculation of liability for defendant

Murray & Howard v Mills (2005)
Case No. 1100042411
>    JAMS Arbitration, Judge Lynch
>    Testimony on Fee allocations and future percentage entitlement for Claimants

Gateway Title v Mercury Companies (2006)
Case No. BC 317441
>    Superior Court, County of Los Angeles, Central District
>    Testimony on damages for defendant

Commonwealth v United Title Company (2006)
>    Case No. 04CV10299
>    District Court, City and County of Denver, Colorado
>    Testimony on damages for defendant

Abid v Grosvenor Bus Lines (2006)
>    Case No. CGC-03-424619
>    Superior Court, City and County of San Francisco
>    Deposition testimony on damages for plaintiff class

Black v Reliant Technologies, Inc (2006)
>    Case No. 1-03 CV 817093
>    Superior Court, County of Santa Clara
>    Testimony on Business valuation, Stock Valuation and discounting,
>    And other accounting matters and damages for defendant

ARSAPE S.A. v JDS Uniphase Corporation (2006)
>    Case No. C03 04535 JW
>    U.S. District Court-Northern District of California
>    San Jose Division
>    Deposition on damages for plaintiff and related cost accounting issues.

Murphy v Secrest (2006)
    Case No. CIV 450511
    Superior Court, County of San Mateo
    Deposition testimony on malpractice and wrongful termination damages for plaintiff

Mylan Pharmaceuticals v Procter & Gamble & Watson Pharmaceuticals (2006)
    Case No. CGC 04429860
    Superior Court, County of San Francisco
    Deposition testimony on Cost Analysis and Sales below cost for Antitrust issues

First California Title Company v Financial Title Company (2006)
    Case No. BC 327332
    Superior Court, County of Los Angeles
    Testimony on damages, Cost Analysis and Accounting issues for defendant

Silvaco Data Systems v Cypress Semiconductor Corp (2007)
    Case No. 1-04 CV 019992
    Santa Clara County Superior Court
    Deposition testimony on Disgorgement, Licensing and Cost Analysis for defendant

Bay Guardian v New Times Media (2008)
    Case No. 04-435584
    Superior Court, City and County of San Francisco
    Testimony on sales below cost, cost analysis and damages for plaintiff

Chanian v Ashjee (2008)
    Case No. 1100055205
    JAMS, San Francisco, California
    Testimony on Business Valuation and Damages from Breach of Contract for defendant

Levi Strauss v Abercrombie & Fitch (2008)
    Case No. C 07-03752 JSW
    U.S. District Court - Northern District of California
    Testimony on Damages related to Copyright Infringement for Plaintiff

SEIU International v SEIU United Healthcare Workers-West (2008)
    Trusteeship Hearing before Secretary Marshall
    Testimony on Auditing and Accounting Principles for defendant

ThinkVillage-Kiwi v Adobe, et al (2010)
    Case No. C 08-04166 SI
    U.S. District Court – Northern District of California
    Deposition testimony on Unjust Enrichment and Reasonable Royalty for defendant

San Francisco Bay Area Rapid Transit District v GE Transportation Systems (2010)
    Case No. C 06 3749 JSW
    U.S. District Court – Northern District of California
    Deposition testimony on Breach of Contract Damages for Plaintiff

VLI, Inc v Dingler et al (2010)
    Case No. 07A-09739
    Superior Court of Gwinnett County-State of Georgia
    Deposition testimony on damages for defendant

<u>Bayer Healthcare v Roche Diagnostics (2010)</u>
  CPR Case No. G-08-37
  Arbitration Hearing CPR International Institute for Conflict Prevention and Resolution
  Testimony on Substantial Non-Infringing Use and related issues

<u>Henry v Structured Investments Co., LLC (2011)</u>
  Case No. 05CC00167
  Superior Court of Orange County
  Testimony on Usury and Damages

<u>Schafer and South Bay Head & Neck Medical Group v Hartford Life and Annuity (2011)</u>
  Case No. 37-2008-00060380-CU-FR-NC
  Superior Court of San Diego County-Northern Division
  Deposition Testimony on Damages and Liability

<u>Bee-Dee Investments Ltd. V Ernest Rady (2011)</u>
  Case No. 37-200900100904-CU-SL-CTL
  Superior Court of San Diego County
  Deposition Testimony on Damages, Investments and Liability Issues

<u>McAdams v Monier Lifetile, LLC (2012)</u>
  Case No. SCV16410
  Superior Court of Placer County
  Testimony on Damages for Class

<u>Lee, et al v Hartford Life and Annuity (2012)</u>
  Case No. BC452003
  Los Angeles Superior Court
  Deposition testimony on Damages and Tax Issues

<u>Sporting Supplies Int'l Inc. v Tulammo USA, Inc. et al (2012)</u>
  Case No. SACV10-1338 AG (RNBx)
  U.S. District Court, Central District of California
  Deposition testimony on Damages and below cost pricing
  for Counterclaimant and Defendant

<u>AFMS LLC v UPS and FedEx Corporation (2013)</u>
  Case No. CV 2:10-05830 JGB (AJWx)
  U.S. District Court, Central District of California
  Western Division
  Deposition Testimony on Damages for Defendant

<u>American Medical Response v Paramedics Plus LLC (2013)</u>
  Case No. RG10-541623
  Superior Court of the County of Alameda
  Testimony on Below Cost Pricing and Damages for Plaintiff

<u>Letts-Smith v J P Morgan Chase (2013)</u>
  1220044545
  JAMS Los Angeles
  Testimony on Damages for Defendant

<u>Drilling Consultants, Inc. v Hartford Life and Annuity (2014)</u>
  Case No. 8:12-cv-02690RAL-MAP
  U.S. District Court, Middle District of Florida, Tampa Division
  Deposition on Damages for Defendant

Pritikin et al v Comerica Bank, et al (2014)
  Case No. 1-10-CV-161225
  Superior Court of the County of Santa Clara
  Deposition on Damages for Plaintiffs

Koko Flowers v Citicorp, et al (2014/2015)
  FINRA Arbitration
  Mediation Proceeding
  Presentation of Damages for Plaintiff

Novadaq Technologies vs Karl Storz et al (2015)
  Case No. 5:14-04853-PSG
  U.S. District Court, Northern District of California-San Jose Division
  Deposition for Plaintiff on Copyright Damages

Burgoyne vs Goldsteinenright el al (2015)
  Case No. CGC-14-536581
  Superior Court of the County of San Francisco
  Testimony on Accounting Malpractice and Damages for Defendants

*Worked on more than three hundred additional cases for both plaintiffs and defendants between 1971 and 2016*

Exhibit B

**Banks v Northern Trust**
**Analysis of Tax Preparation Fees**
**For the Period 2013 through 2018**
**Exhibit B-Charitable Trusts**

CONFIDENTIAL
Banks v. Northern Trust, No. 16-cv-9141 (C.D. Cal.)
Summary Response To Plaintiffs' Second Set of Interrogatories No. 24
And Plaintiffs' Second Set of Document Requests No. 50 [numbering error in original request]

CHARITABLE TRUSTS

| Tax Prep Fee Amount | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Total $ | % of Total |
|---|---|---|---|---|---|---|---|---|---|
| $2,500.00 | | | | | | | 2 | 5,000 | |
| $2,000.00 | 1 | | | | | | 1 | 2,000 | |
| $1,985.00 | | | | | | | 1 | 1,985 | |
| $1,550.00 | | | | | | | 8 | 12,400 | |
| $1,500.00 | | 2 | 2 | | | | 10 | 15,000 | |
| $1,250.00 | | 627 | 643 | 614 | 599 | 568 | 3,051 | 3,813,750 | 82.5% |
| $1,241.57 | | | | | | | 1 | 1,242 | |
| $1,235.06 | | 1 | 1 | | | | 1 | 1,235 | |
| $1,200.00 | | | | | | | 1 | 1,200 | |
| $1,042.71 | | | | | 1 | | 1 | 1,043 | |
| $1,000.00 | 678 | 28 | 1 | 1 | 1 | 1 | 710 | 710,000 | 15.4% |
| $970.00 | | | 1 | | | | 1 | 970 | |
| $900.00 | | | | 1 | 1 | 2 | 4 | 3,600 | |
| $560.00 | | 1 | | | | | 1 | 560 | |
| $500.00 | | | | 1 | 1 | | 1 | 500 | |
| $468.23 | | | | | | 1 | 1 | 468 | |
| $300.00 | | | | | 1 | 1 | 2 | 600 | |
| $250.00 | | | | | | 1 | 1 | 250 | |
| $33.35 | | | | | | 1 | 1 | 33 | |
| $0.00 | | | | | | | 1 | 0 | |
| | 16 | 21 | 19 | 15 | 16 | 15 | 102 | | |
| Total | 698 | 693 | 671 | 637 | 628 | 595 | 3,922 | | |
| Total Amount by Year | 682,578 | 843,397 | 820,850 | 780,800 | 767,511 | 727,903 | | 4,623,039 | |

Banks v Northern Trust
Analysis of Tax Preparation Fees
For the Period 2013 through 2018
Exhibit B-Grantor Trusts

CONFIDENTIAL
Banks v. Northern Trust, No. 16-cv-9141 (C.D. Cal.)
Summary Response To Plaintiffs' Second Set of Interrogatories No. 25
And Plaintiffs' Second Set of Document Requests No. 51

GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Total $ | % |
|---|---|---|---|---|---|---|---|---|---|
| $4,500.00 | | 1 | | 1 | | | 3 | 13,500 | |
| $4,000.00 | 1 | | | | | | 1 | 4,000 | |
| $3,600.00 | | | | | | | | 3,600 | |
| $3,500.00 | 1 | 1 | 1 | | 1 | 1 | 5 | 17,500 | |
| $3,000.00 | | | | 1 | 1 | 1 | 3 | 9,000 | |
| $2,800.00 | 1 | | | | | | 1 | 2,800 | |
| $2,550.00 | | 1 | | | | | 1 | 2,550 | |
| $2,500.00 | 1 | 1 | 2 | 1 | | 1 | 7 | 17,500 | |
| $2,000.00 | | 3 | | | 1 | | 6 | 12,000 | |
| $1,900.00 | | | | | | | 2 | 3,800 | |
| $1,800.00 | | | | | 1 | | 2 | 3,600 | |
| $1,750.00 | | | | | 1 | 1 | 2 | 3,500 | |
| $1,700.00 | | | | | | | 2 | 3,400 | |
| $1,650.00 | | | | | 1 | | 1 | 1,650 | |
| $1,600.00 | | | 3 | 2 | | 1 | 6 | 9,600 | |
| $1,550.00 | | | | | 1 | | 1 | 1,550 | |
| $1,500.00 | | 3 | 3 | 25 | 2 | 30 | 86 | 129,000 | |
| $1,400.00 | 2 | 1 | 1 | 2 | 9 | 2 | 17 | 23,800 | |
| $1,370.00 | | | | | | | 1 | 1,370 | |
| $1,300.00 | | | | 1 | | | 1 | 1,300 | |
| $1,250.00 | | | | | 1 | | 5 | 6,250 | |
| $1,212.50 | | | | 1 | | | 1 | 1,213 | |
| $1,200.00 | 2 | | 4 | | 3 | | 10 | 12,000 | |
| $1,151.25 | | | | | 1 | | 1 | 1,151 | |
| $1,150.00 | | 1 | | | | | 1 | 1,150 | |
| $1,100.00 | | | 1 | | | 1 | 2 | 2,200 | |
| $1,050.00 | 2 | 1 | | 1 | 1 | | 5 | 5,250 | |
| $1,000.00 | | 9 | 9 | 12 | 13 | 24 | 67 | 67,000 | |
| $900.00 | | 47 | 36 | 47 | 33 | 27 | 190 | 171,000 | |
| $800.00 | 6 | 28 | 18 | 24 | 28 | 32 | 136 | 108,800 | |
| $745.63 | | | | | | | 1 | 746 | |
| $650.00 | 34 | 2 | | 2 | | | 38 | 24,700 | |
| $600.00 | 6 | 7 | | 6 | 8 | 7 | 40 | 24,000 | |
| $500.00 | 13 | 2,239 | 2,204 | 2,121 | 2,115 | 2,041 | 10,733 | 5,366,500 | 75.8% |
| $486.25 | | | | | | | 1 | 486 | |
| $469.07 | | | | 1 | | | 1 | 469 | |
| $450.00 | | | | | | | 3 | 1,350 | |
| $400.00 | 2,399 | 78 | 8 | 2 | 2 | 4 | 2,493 | 997,200 | 14.1% |
| $368.68 | | | 1 | | | | 1 | 369 | |
| $302.87 | | | | 1 | | | 1 | 303 | |
| $300.00 | 7 | 9 | 9 | 8 | 22 | 26 | 81 | 24,300 | |
| $150.00 | | | | | 1 | | 1 | 150 | |
| $50.00 | | | | | 1 | | 1 | 50 | |
| $38.46 | | | 1 | | | | 1 | 38 | |
| $0.00 | 1,577 | 1,505 | 1,542 | 1,335 | 1,378 | 1,423 | 8,760 | 0 | |
| **Total** | **4,059** | **3,944** | **3,850** | **3,595** | **3,642** | **3,629** | **22,719** | **7,076,695** | |

Total $ by Year   1,030,769   1,267,388   1,199,996   1,200,105   1,201,737   1,176,700          7,076,695

Non-Charged %                                                            38.6%

Banks v Northern Trust
Analysis of Tax Preparation Fees
For the Period 2013 through 2018
Exhibit B-Non-Grantor Trusts

CONFIDENTIAL
Banks v. Northern Trust, No. 16-cv-9141 (C.D. Cal.)
Summary Response To Plaintiffs' Second Set of Interrogatories No. 23
And Plaintiffs' Second Set of Document Requests No. 50

**NON-GRANTOR TRUSTS**

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Summary # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|
| $10,800.00 | | | | | | 1 | 1 | | 10,800 |
| $10,500.00 | | | | | | 1 | 1 | | 10,500 |
| $9,900.00 | | | | | | 1 | 1 | | 9,900 |
| $9,300.00 | | | | | 1 | | 1 | | 9,300 |
| $9,000.00 | | | | | | | 5 | | 45,000 |
| $8,600.00 | | | | | 1 | | 1 | | 8,600 |
| $8,000.00 | | | | | | | 3 | | 24,000 |
| $8,000.00 | | | | | | 1 | 1 | | 8,000 |
| $7,800.00 | | | | | | | | | |
| $7,500.00 | | | | | 1 | 1 | | | 7,500 |
| $7,500.00 | | | | | 1 | | 2 | | 14,400 |
| $7,200.00 | 1 | | | | | | | | 7,350 |
| $7,000.00 | | | | 1 | 1 | 1 | 3 | | 21,000 |
| $6,900.00 | | | 1 | | 1 | 1 | 3 | | 20,700 |
| $6,800.00 | | | | | | 1 | 1 | | 6,600 |
| $6,600.00 | | | | | | | | | 13,000 |
| $6,500.00 | | | | 1 | | 1 | 1 | | 6,400 |
| $6,400.00 | | | | | | | | | 81,900 |
| $6,000.00 | | 4 | | 4 | 4 | 4 | 14 | | 84,000 |
| $6,000.00 | | | | | 1 | 1 | | | 13,000 |
| $5,850.00 | | | | | | | 1 | | 5,800 |
| $5,800.00 | | | | 1 | | 1 | | | 5,850 |
| $5,500.00 | | | | 1 | | | 2 | | 11,000 |

CONFIDENTIAL
Banks v. Northern Trust, No. 16-cv-9141 (C.D. Cal.)
Summary Response To Plaintiffs' Second Set of Interrogatories No. 23
And Plaintiffs' Second Set of Document Requests No. 50

**NON-GRANTOR TRUSTS**

## NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Total $ |
|---|---|---|---|---|---|---|---|---|
| $5,400.00 | | 8 | | 1 | 2 | | 17 | 91,800 |
| $5,250.00 | | | | | 1 | 2 | 3 | 15,750 |
| $5,200.00 | | | | 1 | 2 | | 3 | 15,600 |
| $5,050.00 | 1 | | | | | | 1 | 5,050 |
| $5,000.00 | 2 | 1 | 1 | 5 | 3 | | 12 | 60,000 |
| $4,800.00 | | | | | | 4 | 6 | 28,800 |
| $4,700.00 | | | | | | | 1 | 4,700 |
| $4,550.00 | 1 | 1 | | | | 2 | 4 | 18,200 |
| $4,500.00 | | 5 | 5 | 2 | 2 | 2 | 16 | 72,000 |
| $4,400.00 | | | | | | | 1 | 4,400 |
| $4,300.00 | | | | | | | 1 | 4,300 |
| $4,250.00 | | | | | | | 3 | 12,750 |
| $4,100.00 | 1 | | | | | | 1 | 4,100 |
| $4,050.00 | | | 1 | 1 | 1 | 1 | 36 | 15,000 |
| $4,000.00 | 1 | 1 | | 14 | 12 | 16 | 43 | 172,000 |
| $3,900.00 | | 17 | 14 | 18 | 6 | 6 | 70 | 273,000 |
| $3,750.00 | | | | 2 | 4 | 1 | 7 | 26,250 |
| $3,700.00 | | | | | | 3 | 4 | 14,800 |
| $3,600.00 | 20 | 22 | 5 | 7 | 5 | | 59 | 212,400 |
| $3,550.00 | | | | | | | 1 | 3,500 |
| $3,500.00 | | | | | 1 | 3 | 1 | 3,500 |
| $3,450.00 | | | | | | | 1 | 3,450 |
| $3,400.00 | | | | | | | | |
| $3,350.00 | | 1 | | | 1 | | 2 | 6,700 |
| $3,300.00 | | | | | | | 1 | |
| $3,250.00 | 4 | 1 | | 1 | 5 | 4 | 10 | 32,500 |
| $3,200.00 | 1 | 1 | | | | 2 | 2 | 19,200 |
| $3,150.00 | 3 | 1 | | | | | 4 | 12,600 |
| $3,100.00 | | 1 | | | | | | 9,300 |
| $3,050.00 | 3 | 2 | | | | 1 | 1 | 3,050 |
| $3,048.00 | | | 1 | | | 1 | 1 | 3,048 |
| $3,000.00 | 3 | 2 | 3 | 22 | 18 | 17 | 65 | 195,000 |

### NON-GRANTOR TRUSTS

| Summary | # of Trusts | Total $ |
|---|---|---|
| $5,000 plus | 98 | |
| $3,000-$4,999 | 354 | |

## NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | | Summary # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|---|
| $2,950.00 | | | | | 2 | 3 | 5 | | 5 | 14,750 |
| $2,900.00 | | | | | | 1 | 1 | | 1 | 2,900 |
| $2,850.00 | | 1 | | 1 | | 1 | 3 | | 3 | 8,550 |
| $2,750.00 | | | | 1 | | | 1 | | 1 | 2,750 |
| $2,700.00 | | 29 | 31 | 9 | 6 | 3 | 78 | | 78 | 210,600 |
| $2,650.00 | 1 | | | | | | 3 | | 3 | 7,950 |
| $2,600.00 | 21 | | | | | 3 | 31 | | 31 | 80,600 |
| $2,550.00 | | | | 2 | | | 2 | | 2 | 5,100 |
| $2,500.00 | | | | | | 3 | 34 | | 34 | 85,000 |
| $2,450.00 | | | | 2 | 2 | | 2 | | 2 | 4,900 |
| $2,400.00 | 2 | 6 | 5 | 50 | 11 | 8 | 72 | | 72 | 172,800 |
| $2,350.00 | | | | 1 | 1 | 1 | 3 | | 3 | 7,050 |
| $2,300.00 | 3 | | | 5 | 2 | 9 | 18 | | 18 | 41,400 |
| $2,250.00 | | | | 1 | | 1 | 4 | | 4 | 9,000 |
| $2,200.00 | 3 | 2 | | 9 | | 1 | 19 | | 19 | 41,800 |
| $2,150.00 | 1 | | | | 5 | 1 | 5 | | 5 | 10,750 |
| $2,133.33 | | | | | | | 1 | | 1 | 2,130 |
| $2,100.00 | | 1 | | 11 | 5 | 8 | 19 | | 10 | 21,000 |
| $2,050.00 | | | | | | | 20 | | 10 | 41,000 |
| $2,000.00 | 5 | 35 | 3 | 56 | 69 | 64 | 199 | | 199 | 398,000 |
| $1,950.00 | | 2 | 2 | 9 | 9 | 3 | 51 | | 51 | 99,450 |
| $1,900.00 | 4 | 2 | 3 | 5 | 16 | 14 | 44 | | 44 | 83,600 |
| $1,850.00 | | | | | 1 | 2 | 3 | | 3 | 5,550 |
| $1,800.00 | 8 | 63 | 69 | 30 | 22 | 26 | 218 | | 218 | 392,400 |
| $1,750.00 | | | | 16 | | | 35 | | 21 | 36,750 |
| $1,700.00 | 4 | 1 | 1 | 7 | 1 | 1 | 15 | | 15 | 25,500 |
| $1,650.00 | 2 | | | | 3 | | 5 | | 5 | 8,250 |
| $1,600.00 | 4 | 2 | 2 | 37 | 18 | 23 | 86 | | 86 | 137,600 |
| $1,593.78 | 1 | | | | | | 1 | | 1 | 1,594 |
| $1,550.00 | | 9 | 2 | 43 | 38 | 63 | 156 | | 156 | 241,800 |
| $1,500.00 | 21 | 17 | 20 | 47 | 23 | 36 | 164 | | 164 | 246,000 |

## NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|
| $1,491.22 | | | | | | | | 1 | 1,491 |
| $1,450.00 | 2 | | | 1 | | | 3 | 3 | 4,350 |
| $1,400.00 | 4 | 9 | 14 | | | | 47 | 47 | 65,800 |
| $1,350.00 | 2 | | | | | | 50 | 50 | 67,500 |
| $1,347.00 | 1 | | | | | | 1 | 1 | 1,347 |
| $1,330.00 | 87 | 66 | 68 | 430 | 386 | 390 | 1,421 | 1,421 | 1,847,300 |
| $1,300.00 | | | | | | | | 794 | 992,500 |
| $1,300.00 | 4 | 10 | 8 | 242 | 275 | 255 | 794 | 4 | 4,900 |
| $1,250.00 | | 1 | | | | | | | |
| $1,225.00 | 13 | 627 | 698 | 232 | 272 | 213 | 2,055 | 2,055 | 2,466,000 |
| $1,200.00 | | 1 | | | | 1 | | 1 | 1,191 |
| $1,191.00 | | | | | | | | 1 | 1,183 |
| $1,182.50 | | 1 | | 12 | 4 | 2 | 18 | 18 | 207,000 |
| $1,150.00 | | | | | | 1 | 1 | 1 | 1,103 |
| $1,103.00 | | | | | | | | 1 | 1,106 |
| $1,106.00 | | | | | | | | 1 | 1,101 |
| $1,101.09 | | | | 1 | | | 1 | 1 | 1,101 |
| $1,100.68 | | | | | | | | | |
| $1,100.00 | 4 | 11 | 16 | 15 | 7 | 4 | 57 | 57 | 62,700 |
| $1,050.00 | 7 | 7 | 1 | 11 | 7 | 2 | 52 | 52 | 54,600 |
| $1,009.00 | 1 | | | | | | 1 | 1 | 1,056 |
| $1,000.01 | | | | | | | | 1 | 1,031 |
| $1,000.00 | 81 | 63 | 46 | 5,272 | 5,471 | 5,428 | 16,996 | | 16,996,000 |
| $1,000.00 | 128 | | | | | | | 1 | 1,000 |
| $999.00 | | | | | 1 | | 4 | 4 | 3,996 |
| $975.00 | 1 | 1 | | | | | 1 | 1 | 972 |
| $972.00 | | 1 | | | | | | 1 | 966 |
| $966.00 | | 1 | 2 | | 1 | | 4 | 4 | 3,800 |
| $950.00 | | | | | | | | | 900 |
| $901.71 | | | | | | | | 1 | 901 |
| $900.01 | | | | | | | | | |
| $900.00 | 585 | 9,659 | 9,928 | 4,307 | 4,005 | 3,909 | 32,393 | 1 | 29,153,700 |
| $876.20 | | | 1 | | 1 | | | | 876 |

# NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Summary | # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|---|
| $875.00 | | | | | | | 1 | | | 875 |
| $852.18 | 1 | | | | | | 2 | | | 1,704 |
| $850.00 | 3 | | | | | | 6 | | | 5,100 |
| $812.50 | 2 | | | | | | 2 | | | 1,625 |
| $811.27 | 1 | | | | | | 1 | | | 811 |
| $811.27 | 2 | | | | | | 2 | | | 1,623 |
| $808.95 | | | | | | | 1 | | | 809 |
| $807.30 | 1 | | | | | | 1 | | | 807 |
| $800.00 | 42 | 19 | 11 | 2 | 3 | 1 | 78 | | | 62,400 |
| $750.00 | 4 | 4 | 4 | | | 7 | 20 | | | 15,000 |
| $746.97 | | | | | 1 | | 1 | | | 747 |
| $703.58 | | 1 | | | | | 1 | | | 704 |
| $700.00 | 1 | | 1 | | 2 | 1 | 5 | | | 3,500 |
| $681.94 | | | | | | | 1 | | | 682 |
| $657.00 | | 1 | | | 1 | | 1 | | | 675 |
| $650.04 | | | | | | | 1 | | | 650 |
| $650.00 | 10,205 | 483 | 61 | 23 | 23 | 20 | 10,815 | | | 7,029,750 |
| $615.21 | | | | | 1 | | 1 | | | 615 |
| $603.16 | 1 | | | | | | 1 | | | 603 |
| $600.01 | | | | | | | 1 | | | 600 |
| $600.00 | 1 | 1 | 4 | 2 | | 2 | 10 | | | 6,000 |
| $572.61 | | | | | | | 1 | | | 573 |
| $550.00 | 1 | | 1 | 1 | | 1 | 1 | | | 550 |
| $537.46 | | 1 | | | | | 1 | | | 537 |
| $500.00 | 4 | 31 | 49 | 30 | 32 | 16 | 162 | | | 81,000 |
| $466.73 | | | 1 | 1 | | | 1 | | | 465 |
| $450.00 | 2 | 2 | | | | | 4 | | | 1,800 |
| $442.84 | | | | | | | 1 | | | 443 |
| $400.00 | 44 | 28 | 27 | 16 | 16 | 15 | 146 | | | 58,400 |
| $398.96 | 1 | | | | | | 1 | | | 399 |
| $354.37 | 1 | | | | | | 1 | | | 354 |

NON-GRANTOR TRUSTS

## NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Summary (NON-GRANTOR TRUSTS) | # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|---|
| $325.00 | 1 | | | | | | | | 1 | 325 |
| $320.00 | | 1 | | 1 | | | | | 3 | 960 |
| $300.00 | | 34 | 34 | 14 | 110 | 122 | 314 | 1 Below $300 | 314 | 94,200 |
| $260.00 | | | | | | | 1 | | 1 | 260 |
| $257.63 | | | | | 1 | | 1 | | 1 | 258 |
| $250.00 | 4 | 1 | | 3 | | 1 | | | 5 | 1,250 |
| $250.00 | | | | | | | | | 6 | 1,200 |
| $225.00 | | 1 | 1 | | | 1 | 2 | | 2 | 450 |
| $220.00 | | | | | | | 1 | | 1 | 184 |
| $200.00 | | 2 | 1 | 1 | | 1 | 6 | | 6 | 278 |
| $184.00 | | | | | | | 1 | | 1 | 184 |
| $178.43 | | | | | | | 1 | | 1 | 178 |
| $162.50 | | | | | | | 1 | | 1 | 163 |
| $150.00 | | | | | | | | | | 150 |
| $100.00 | 1 | | | 3 | 2 | | 5 | | 5 | 500 |
| $97.00 | | | | 1 | | | 1 | | 1 | 97 |
| $91.37 | | | 1 | | | | 1 | | 1 | 91 |
| $7.28 | | | | | | | 1 | | 1 | 7 |
| $3.00 | | | | | | | 1 | | 1 | 3 |
| $0.00 | 749 | 723 | 678 | 925 | 898 | 995 | 4968 | | | 0 |
| Total | 12,059 | 12,002 | 11,881 | 12,006 | 11,901 | 11,768 | 71,627 | | 71,627 | 62,929,076 |

| | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Summary |
|---|---|---|---|---|---|---|---|---|
| Total $ Charged | $7,904,346 | $10,616,689 | $10,634,220 | $11,441,316 | $11,334,451 | $10,998,055 | $62,929,076 | 2018/2013 Net Change |
| Total with $ | 11,320 | 11,279 | 11,203 | 11,081 | 11,003 | 10,773 | 66,659 | 93.1% Charged |
| | 99.6% | 99.3% | 98.9% | 99.3% | 97.9% | | | 4.8% |

## NON-GRANTOR TRUSTS

| Tax Prep Fee Amt | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Total | Summary | # of Trusts | Total $ |
|---|---|---|---|---|---|---|---|---|---|---|
| $ Charges to over 100 Trusts | | | | | | | | | | |
| $300.00 | 34 | 34 | 34 | 14 | 110 | 122 | 314 | 16.2% | | |
| $650.00 | 10,205 | 483 | 61 | 23 | 23 | 20 | 10,815 | | | |
| $900.00 | 585 | 9,659 | 9,928 | 4,307 | 4,005 | 3,909 | 32,393 | 48.6% | | |
| $1,000.00 | 128 | 51 | 46 | 5,272 | 5,471 | 5,428 | 16,396 | 24.6% | | |
| $1,200.00 | 13 | 627 | 698 | 232 | 272 | 213 | 2,055 | | | |
| $1,250.00 | 4 | 10 | 8 | 242 | 275 | 255 | 794 | | | |
| $1,300.00 | 81 | 66 | 68 | 430 | 386 | 390 | 1,421 | | | |
| Total Trust Items | 11,016 | 10,930 | 10,843 | 10,520 | 10,542 | 10,337 | 64,188 | | | |
| % of Total with $ | 97.3% | 96.9% | 96.8% | 94.9% | 95.8% | 96.0% | 96.3% | 89.4% | | |
| Total Tax Return Chgs | $7,413,650 | $9,908,750 | $9,956,850 | $10,303,150 | $10,262,400 | $10,040,450 | $57,885,250 | 92.0% | | |

NON-GRANTOR TRUSTS

Exhibit B-2

Banks v Northern Trust
Damage Calculations Using ROE for NT
For the Calendar Years 2008-2018
Exhibit B-2

| Calendar Year | | Return on Average Common Equity* | Income Tax Effective Rate | Total Charges for Tax Prep: Irrevocable Trust | Grantor Trust | Charitable Remainder Trusts*** | Total Claim before Earnings | Damage Claim Net of Tax | NT Earnings on Excess Charges*** | Total benefit to NT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2008 | Estimate(a) | 15.98% | 37.70% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 5,992,116 | 12,767,065 | 18,759,181 |
| 2009 | Estimate | 12.73% | 31.15% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 6,621,742 | 11,490,892 | 18,112,634 |
| 2010 | Estimate | 10.09% | 32.36% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 6,505,401 | 9,457,514 | 15,962,914 |
| 2011 | Estimate | 8.59% | 31.70% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 6,569,242 | 8,169,204 | 14,738,446 |
| 2012 | Estimate | 9.34% | 30.74% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 6,661,534 | 7,056,451 | 13,717,985 |
| 2013 | NT Responses | 9.54% | 32.00% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | 6,539,674 | 5,766,248 | 12,305,921 |
| 2014 | NT Responses | 10.02% | 31.79% | $ 10,616,689 | $ 1,267,388 | $ 843,397 | $ 12,727,474 | 8,681,031 | 6,200,631 | 14,881,662 |
| 2015 | NT Responses | 11.50% | 30.51% | $ 10,634,220 | $ 1,199,996 | $ 820,850 | $ 12,655,066 | 8,793,583 | 4,821,517 | 13,615,101 |
| 2016 | NT Responses | 11.90% | 29.98% | $ 11,441,316 | $ 1,200,105 | $ 780,800 | $ 13,422,221 | 9,398,012 | 3,630,100 | 13,028,111 |
| 2017 | NT Responses | 12.60% | 26.60% | $ 11,334,451 | $ 1,201,737 | $ 767,511 | $ 13,303,699 | 9,764,915 | 2,296,767 | 10,607,702 |
| 2018 | NT Responses | 16.20% | 20.50% | $ 10,998,055 | $ 1,176,700 | $ 727,903 | $ 12,902,658 | 10,257,613 | 830,867 | 8,508,011 |
| Totals | | | | $ 102,450,806 | $ 12,230,540 | $ 8,035,929 | $ 122,717,275 | 85,784,863 | 72,487,255 | 154,237,669 |
| | | | | | | | | | | |
| 2013-2018 | Disgorgement Claim | | | | | | $ 74,628,810 | $ 23,546,129 | | $ 98,174,939 |
| 2008-2018 | Disgorgement Claim | | | | | | $ 122,717,275 | $ 72,487,255 | | $ 195,204,530 |

*Taken from Northern Trust Annual Reports
**Damage Claim less actual % Tax
***CRUT & CRAT
(a) Adjusted backward from 2013 using same # of trusts and $
Data shows reasonably stable $ and declining # of trusts

Exhibit K pg. 2

## Banks v Northern Trust
## Damage Calculations Using 10% Statutory Interest
## For the Calendar Years 2008-2018
### Exhibit B-2.2

| Calendar Year | | Return on Average Common Equity* | Income Tax Effective Rate | Total Charges for Tax Prep: Irrevocable Trust | Grantor Trust | Charitable Remainder Trusts*** | Total Claim before Earnings | Statutory Interest at 10% Simple to 12/31/2019 | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | Estimate(a) | 15.98% | 37.70% | $ 7,904,346 | $ 1,030,769 | $ 682,578 | $ 9,617,693 | $ 11,060,347 | 20,678,040 |
| 2009 | Estimate | 12.73% | 31.15% | 7,904,346 | 1,030,769 | 682,578 | 9,617,693 | 10,098,578 | 10,098,578 |
| 2010 | Estimate | 10.09% | 32.36% | 7,904,346 | 1,030,769 | 682,578 | 9,617,693 | 9,136,808 | 9,136,808 |
| 2011 | Estimate | 8.59% | 31.70% | 7,904,346 | 1,030,769 | 682,578 | 9,617,693 | 8,175,039 | 8,175,039 |
| 2012 | Estimate | 9.34% | 30.74% | 7,904,346 | 1,030,769 | 682,578 | 9,617,693 | 7,213,270 | 7,213,270 |
| 2013 | NT Responses | 9.54% | 32.00% | 7,904,346 | 1,030,769 | 682,578 | 9,617,693 | 6,251,501 | 6,251,501 |
| 2014 | NT Responses | 10.02% | 31.79% | 10,616,689 | 1,267,388 | 843,397 | 12,727,474 | 7,000,111 | 7,000,111 |
| 2015 | NT Responses | 11.50% | 30.51% | 10,634,220 | 1,199,996 | 820,850 | 12,655,066 | 5,694,780 | 5,694,780 |
| 2016 | NT Responses | 11.90% | 29.98% | 11,441,316 | 1,200,105 | 780,800 | 13,422,221 | 4,697,777 | 4,697,777 |
| 2017 | NT Responses | 12.60% | 26.60% | 11,334,451 | 1,201,737 | 767,511 | 13,303,699 | 3,325,925 | 10,607,702 |
| 2018 | NT Responses | 16.20% | 20.50% | 10,998,055 | 1,176,700 | 727,903 | 12,902,658 | 1,935,399 | 8,508,011 |
| Totals | | | | $ 102,450,806 | $ 12,230,540 | $ 8,035,929 | $ 122,717,275 | $ 74,589,533 | 98,061,615 |
| | | | | | | | | | |
| 2013-2018 | Disgorgement Claim | | | | | | $ 74,628,810 | $ 28,905,491 | $ 103,534,302 |
| | | | | | | | | | |
| 2008-2018 | Disgorgement Claim | | | | | | $ 122,717,275 | $ 74,589,533 | $ 197,306,808 |

*Taken from Northern Trust Annual Reports
**Damage Claim less actual % Tax
***CRUT & CRAT
(a) Adjusted backward from 2013 using same # of trusts and $
Data shows reasonably stable $ and declining # of trusts